## Kennerly v. State Farm Mutual Insurance Company

*Edward S. Lawhorne,* for plaintiff.

*J. Joseph Herring, Jr.,* for defendant Harleysville Insurance Co.

*Randy P. Brungard,* for Travelers Insurance Co.

JEROME, *J.,* June 12, 1984—This case involves the priority and responsibility for basic loss benefits under Pennsylvania's No-fault Act.

The facts as to liability have been stipulated, but the conclusions therefrom are disputed. All concerned rely upon Utica v. Contrisciane decided by the Supreme Court of Pennsylvania on March 16, 1984, 504 Pa. 328, 473 A.2d 1005 (1984).

Critical to our decision is plaintiff's status as an "occupant" of a vehicle. Utica, supra, adopted the standard of performing an act which is normally associated with the immediate use of the vehicle and in doing so the court relied upon four criteria. Thus one can be an occupant of a vehicle without being physically inside that vehicle. So in Utica, supra, the claimant was deemed to be an occupant although 97 feet away from his vehicle which he had last phycially occupied.

In Utica, supra, there were at least three vehicles involved; the claimant's, the striking motorist's and the police officer's, each of which under the new criteria could qualify as a vehicle which the claimant was an occupant. The Supreme Court had no difficulty in selecting the vehicle which claimant last physically occupied as the vehicle of which he was an occupant under the criteria.

Similarly, in this case, there are three vehicles which can be claimed as the vehicle which plaintiff occupied. We specifically hold that the vehicle which plaintiff last physically occupied is the vehicle of which he was the occupant. At the trial, we specifically found plaintiff's continued use of that

vehicle. That vehicle clearly meets the criteria of Utica, supra. We make no finding whether the other two cars meet those criteria since we have adopted the last physically occupying test implicit in Utica, supra.

We are persuaded that conclusion is proper since it is clear to us that the task in Utica, supra, was to determine whether the claimant who had left the vehicle which he physically occupied could still be considered an occupant of that vehicle although ninety-feet away. In our view, the holding in Utica, supra, would not have been necessary, nor the same, if the claimant there never physically occupied that vehicle.

Holding that plaintiff was an occupant of the borrowed vehicle (Hale), we turn to section 204 of the No-fault Act, Source of Basic Restoration Benefits. The parties agree that Subsection (1) and (2) do not apply. We hold that Subsection (3) does not apply because there was no security covering the vehicle which plaintiff occupied, and Subsection (4) does not apply because of the same reason, i.e., the vehicle which plaintiff occupied was not a secured vehicle. Accordingly, defendant Travelers Insurance Company was the proper security (Assigned Claims Plan) pursuant to Subsection (5).

We note that the major injury to plaintiff was the loss of his left leg below the knee. As to damages, exclusive of wage loss, it is agreed that costs of $54,577.94 were incurred. His claim was submitted on July 7, 1983, so interest at 18 percent per year from August 7, 1983, is to be added. As to the work loss, the credit provisions of the No-fault Act as to Travelers are not applicable since the Social Security and Social Security Insurance benefits plaintiff received predate this incident and are not the "result of injury" suffered from the August 21, 1982,

accident. Moreover, again as to Travelers, because of the supremacy clause and the specific provisions of the Omnibus Reconciliation Act of 1981, 42 U.S.C.A. 395(Y)(b)(1), plaintiff need not look to and use the medical provisions available under the Social Security Act.

Work loss is defined by Section 205 of the No-fault Act. Since plaintiff did work and had previously, but was not working at the time of the accident, §205(d)(B) is applicable to determine his "probable annual income." At the time of his accident, plaintiff was not employed, so Section 205(c) is used to determine his work loss. Plaintiff's employment, at best, being spotty, we find his weekly income to be $25 and his work loss to date (44 weeks times $25) to be $1100. No interest to date is added because determination of the work loss did not occur until this trial.

As to attorney's fees, we award none. It is clear that the ultimate responsibility was not free from doubt and was an issue which reasonably could not be determined without litigation. Thus we hold that Travelers did not proceed (refuse to pay) in bad faith.

In light of the above, we find in favor of Charles Kennerly and against The Travelers Insurance Company in the sum of $63,930.13.

We find in favor of Harleysville Insurance Company.